

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

ERIC T. SCHNEIDERMAN
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

Writer's Direct Dial: (212) 416-8651

November 28, 2017

**By ECF**
Honorable Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, New York 10007

        Re:        *Zappin v. Doyle*, No. 17 Civ. 8837 (KPF) (AJP)

Dear Judge Failla:

       This Office has been asked to represent the New York State justices and quasi-judicial officers named as defendants in the above-referenced action (collectively, "State Defendants"). Pursuant to N.Y. Public Officers Law § 17, we cannot appear on State Defendants' behalf at this time because process has not been served upon them. We write to protect State Defendants' interests pending service of process and a determination of their requests for representation.

       Plaintiff Anthony Zappin ("Plaintiff"), an attorney representing himself, previously brought an action styled *Zappin v. Cooper*, No. 16 Civ. 5985 (KPF), against Justice Matthew F. Cooper, who presided over a portion of Plaintiff's divorce case in New York State Supreme Court. Justice Cooper's motion to dismiss the prior action is *sub judice*.

       Plaintiff filed the instant action on November 14, 2017.[1] The Amended Complaint, dated November 20, 2017, alleges violations of Plaintiff's rights pursuant to 42 U.S.C. § 1983 and state tort law based on Plaintiff's divorce action and an attorney disciplinary proceeding pending

---

[1] The named State Defendants are Kevin M. Doyle, a staff attorney of the Attorney Grievance Committee of the Appellate Division, First Department; Ernest Collazo, an Attorney Grievance Committee panel chairman; Justices Deborah Kaplan, Matthew F. Cooper, Rolando Acosta, Peter Moulton, Lawrence Marks, and the Justices of the Appellate Division, First Department; and Robert Tembeckjian, Administrator and Counsel of the New York State Commission on Judicial Conduct. The other named defendants are New York County District Attorney Cyrus Vance and A.D.A. Lauren Liebhauser.

against Plaintiff in the Appellate Division, First Department. Also on November 20, Plaintiff moved for a preliminary injunction, seeking to enjoin the state-court disciplinary proceeding.

We respectfully request that the Court permit State Defendants to simultaneously oppose Plaintiff's motion for a preliminary injunction and move to dismiss the action within 30 days after all State Defendants are properly served. In the event that service is effected and this Office agrees to represent State Defendants, we anticipate moving to dismiss the action for lack of subject matter jurisdiction based on the *Rooker-Feldman* doctrine and Eleventh Amendment sovereign immunity. Alternatively, *Younger* abstention is mandated in deference to the ongoing state attorney disciplinary proceeding. We also anticipate moving to dismiss the action based on the doctrine of absolute judicial and quasi-judicial immunity, and to the extent that Plaintiff seeks to challenge the state court's rulings, the doctrine of collateral estoppel. Significantly, on November 21, 2017, the Appellate Division affirmed Justice Cooper's decisions in the divorce action concerning child custody and support. *See attached*.[2] Finally, we anticipate moving to dismiss the action for failure to state a claim, on various grounds including the statute of limitations and the Complaint's failure to allege each State Defendant's personal involvement in the contentions as alleged.

In light of the Amended Complaint's jurisdictional and other infirmities, the Court should not consider Plaintiff's motion for a preliminary injunction on an expedited basis, as Plaintiff has requested. Moreover, there is no urgency to consider Plaintiff's motion at this time. Plaintiff lives in West Virginia and is listed as an active member of the bar in that state. He cannot plausibly claim that his livelihood will be immediately and irreparably affected by the Appellate Division's eventual decision in the pending disciplinary proceeding.

In the interest of judicial economy, State Defendants should be granted 30 days after they have all been served to oppose Plaintiff's motion and move to dismiss this action. There has been no prior request for an extension. Plaintiff does not consent.

We appreciate Your Honor's attention to this matter.

Respectfully submitted,

Michael A. Berg
Assistant Attorney General


cc:   Anthony Zappin, Esq.
      Patricia Bailey, Esq.

---

[2] In a prior decision dated January 17, 2017, the Appellate Division affirmed Justice Cooper's separate decision imposing sanctions on Plaintiff. *Zappin v. Comfort*, 146 A.D.3d 575, 575, 49 N.Y.S.3d 6, 7 (1st Dep't 2017).

2017 WL 5578406
Supreme Court, Appellate Division, First Department, New York.

Anthony **ZAPPIN**, Plaintiff–Appellant,
v.
Claire COMFORT, Defendant–Respondent.

Nov. 21, 2017.

**Attorneys and Law Firms**

Peter C. Lomtevas, Brooklyn, for appellant.

The Wallack Firm, P.C., New York (Robert M. Wallack of counsel), for respondent.

Cohen Rabin Stine Schumann LLP, New York (Harriet Newman Cohen of counsel), attorney for the child.

ACOSTA, P.J., TOM, WEBBER, SINGH, JJ.

**Opinion**

*1 Judgment of divorce, Supreme Court, New York County (Matthew F. **Cooper**, J.), entered August 16, 2016, inter alia, incorporating an order, same court and Justice, entered March 1, 2016, which awarded defendant sole physical and legal custody of the parties' child, granted plaintiff supervised visitation, and granted a five-year stay-away order of protection in defendant's favor, and awarding defendant basic child support beginning July 1, 2016, and child support arrears for the period from December 2013 through June 2016, unanimously affirmed, without costs. Appeal from the March 1, 2016 custody and visitation order unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

The court's determination that it was in the child's best interests to award sole custody to defendant has a sound and substantial evidentiary basis (*see Matter of Frank M. v. Donna W.*, 44 AD3d 495 [1st Dept 2007]; *see also Eschbach v. Eschbach*, 56 N.Y.2d 167, 171–173 [1982] ). It was based in part on the court's findings that plaintiff committed acts of domestic violence against defendant, both during her pregnancy with the child and after the child was born, rendering joint custody impossible.

The court saw both parties testify, and there is support in the record for its determination that defendant and the three witnesses she called were credible, whereas plaintiff's testimony regarding the domestic violence incidents was frequently not truthful. Photographs of defendant's injuries taken shortly after the incidents of abuse, as well as defendant's witnesses, corroborated defendant's account. Moreover, plaintiff's conduct and outbursts throughout the trial reinforced the court's conclusions that, unlike defendant, plaintiff was unable to control his emotions.

The evidence that plaintiff had physically and verbally harmed the child's mother, engaged in abusive litigation tactics, and lacked the emotional restraint and personality to look after the child's best interests provides a sound and substantial basis for the court's finding that unsupervised visitation would have "a negative impact on the child's well-being" (*Matter of Arelis Carmen S. v. Daniel H.*, 78 AD3d 504, 504 [1st Dept 2010], *lv denied* 16 NY3d 707 [2011]; *Ronald S. v. Lucille Diamond S.*, 45 AD3d 295 [1st Dept 2007] ). Plaintiff also made repeated false allegations of abuse to the Administration for Child Services and the police, which rendered supervised visitation appropriate (*Matter of James Joseph M. v. Rosano R.*, 32 AD3d 725 [1st Dept 2006], *lv denied* 7 NY3d 717 [2006] ).

The court detailed its reasons for issuing a five-year order of protection, and found that plaintiff committed numerous family offenses, including assault in the third degree (Penal Law § 120.00[1] ) and harassment in the second degree (Penal Law § 240.26[1] ). A fair preponderance of the evidence supports the determination (*see generally Okpe v. Okpe*, 136 AD3d 511 [1st Dept 2016] ). The court was not required to make a finding of "aggravating circumstances" before issuing the order of protection (*compare* Domestic Relations Law § 252 *with* Family Court Act § 842).

*2 We have considered plaintiff's remaining challenges to the court's rulings in connection with the custody trial and find them unavailing. In any event, any claimed error would not warrant a different custody determination.

In determining the award of child support, the court properly imputed income to plaintiff based on his income in 2014. Although he presented no direct evidence of it, plaintiff claims that he was terminated from his position at his law firm because of the negative publicity he received after he had been sanctioned during these proceedings in 2015 (*Zappin v. Comfort*, 49 Misc.3d 1201[A], 2015 N.Y. Slip Op 51339[U] [Sup Ct, N.Y. County 2015], *affd* 146 AD3d 575 [1st Dept 2017] ). Even if he was terminated for that reason, the sanctions—and therefore his unemployment—resulted

Zappin v. Comfort, --- N.Y.S.3d ---- (2017)
2017 N.Y. Slip Op. 08180

from his own misconduct at trial, not from the court's conduct in sanctioning him or publicly releasing the sanctions order (*see* Domestic Relations Law § 240[1–b][b][5][v]; *Johnson v. Chapin*, 299 A.D.2d 294 [1st Dept 2002] ). Moreover, plaintiff presented only vague, conclusory testimony regarding his purportedly unsuccessful attempts to find work since he lost that job.

The court properly declined to modify child support to account for plaintiff's cost in paying Comprehensive Family Services to supervise his visits with the child. Plaintiff's need for supervision stemmed from his own previously described conduct, and there is no basis for a conclusion that such an expense is extraordinary in this context or that it renders his child support obligation unjust or inappropriate (*see* Domestic Relations Law § 240[1–b] [f] ).

In setting a child support income cap of $250,000, the court cited the parties' incomes in the mid- to high $200,000s and their upper-middle class lifestyle, and thus properly considered the parties' financial resources and the child's standard of living had the marriage not dissolved (Domestic Relations Law § 240[1–b][f]; *Bast v. Rossoff*, 91 N.Y.2d 723, 726–727 [1998] ).

The court properly awarded child support arrears retroactive to the date of defendant's application for child support in Washington, D.C., where the parties previously had resided, rather than when she later sought such relief before the New York Supreme Court (Domestic Relations Law § 236[B][7][a] ), based on plaintiff's valid waiver of any objection to such an award. During proceedings before the Superior Court of the District of Columbia, when the court discussed the possibility of transferring the case to New York, as the more convenient forum, and the impact on any child support to which defendant was entitled in Washington before the transfer, plaintiff personally agreed to waive "any objection if this case proceeds in New York to an award of child support beginning on the date that [defendant] made the request in D.C." Contrary to plaintiff's contention, the mere fact that proceedings in Washington, D.C., were stayed in the event that not all child support issues were resolved in the New York proceeding is not an indication that defendant disavowed the waiver.

**\*3** The court should have at least directed the filing of a note of issue before proceeding to trial (*see* 22 NYCRR 202.21; *see also* CPLR 3402[a]; 22 NYCRR 202.16[i] ). However, on these facts, a new trial on the issue of child support is not warranted (*see Hughes v. Farrey*, 48 AD3d 385 [1st Dept 2008] ). Plaintiff was not, as he claims, prejudiced by having to proceed to trial without further discovery. The parties had exchanged the financial documents relevant to the calculation of child support, the only issue at the financial trial. He had ample time to retain an expert on the issue of his earning potential if he wanted to do so.

We have considered plaintiff's remaining arguments regarding the award of child support and find them unavailing. In particular, we note that the court's rulings in this lengthy, contentious proceeding were fair and impartial, and were based in part on credibility determinations that have support in the record.

**All Citations**

--- N.Y.S.3d ----, 2017 WL 5578406, 2017 N.Y. Slip Op. 08180

End of Document                © 2017 Thomson Reuters. No claim to original U.S. Government Works.

WESTLAW   © 2017 Thomson Reuters. No claim to original U.S. Government Works.                2