# Anthony Zappin

1827 Washington Blvd. • Huntington, WV 25701 • Phone: (304) 654-6195 • Fax: (304) 405-6455
E-Mail: anthony.zappin@gmail.com

**MEMO ENDORSED**

Date: December 15, 2017

**BY ECF**

Judge Katherine Polk Failla
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 618
New York, NY 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: December 18, 2017

      Re:    *Anthony Zappin v. Kevin M. Doyle et al.* – Case No. 17-cv-8837-KPF

Dear Judge Failla:

I write to respectfully request reconsideration of the Court's December 14, 2017 order denying my letter application seeking leave to electronically file my motion for a temporary restraining order ("TRO") and, to the extent necessary, to participate by telephone at an appearance on the motion.

    I.    **Appearing in Person Next Week Would Be Unduly Burdensome to Plaintiff**

I am simply not able to travel to New York to appear in person to file my motion for a TRO next week. As mentioned in my December 13, 2017 letter motion, my mother has been diagnosed with a serious medical condition and underwent surgery yesterday. Unfortunately, the surgery was not successful and she suffered internal hemorrhaging. She is currently under observation and will need additional surgery. Where I am providing care for her and am the only person currently capable of doing so, it would be extremely burdensome for me to leave her for, at minimum, two days to travel from West Virginia to New York (a 10-hour drive each way) to appear in person to file the motion for a temporary restraining order where alternate means of filing are available.

In my papers, I have demonstrated the potential for irreparable and imminent harm with respect to the Attorney Grievance Committee's collateral estoppel disciplinary proceeding. I cannot imagine how it would be inappropriate or prejudicial to allow me to file the TRO motion electronically and appear by telephone, if necessary, given my exigent family circumstances. Defendants certainly did not allege any prejudice in their December 14, 2017 letter. Given the circumstances, I respectfully ask the Court to reconsider its December 14, 2017 order.

It should further be noted that I am not in a position to hire counsel in this case to appear on my behalf. Through their continued unlawful and tortious actions largely set forth in the Amended Complaint, defendants have effectively bankrupted me financially. More importantly, I am unable to retain counsel out of fear of retaliation by Defendant Kevin Doyle, Attorney Grievance Committee and the Office of Court Administration. Mr. Doyle has brought baseless disciplinary proceedings against my prior matrimonial counsel and I have had two attorneys withdraw out-of-the-blue in the disciplinary proceeding as a result of Mr. Doyle's conduct. I should not be prejudiced because I have been forced to seek redress in this Court as a *pro se* litigant as a result of defendants' bad-faith conduct that has substantially impaired my ability to retain counsel.

## II.     <u>Neither *Rooker-Feldman* nor *Younger* Abstention Apply</u>

I am certainly understanding of the Court's concerns about the application of the *Rooker-Feldman* and *Younger* abstention doctrines to this case. However, Defendants have recited them broadly without any application to the facts or allegations in the Amended Complaint in opposing my requests for interim relief. Upon scrutiny, the claims and facts alleged in the Amended Complaint demonstrate that defendants' contentions are meritless and the abstention doctrines are simply not applicable to my challenges to the collateral estoppel disciplinary matter.

With respect to the *Rooker-Feldman* doctrine, it is only applicable where a "state-court judgment [has] been rendered before the district court proceedings have commenced." *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 84 (2d Cir. 2005). The First Department has yet to issue a decision imposing discipline in the collateral estoppel disciplinary proceeding. As a result, *Rooker-Feldman* cannot be asserted in this case as to Claim II of the Amended Complaint. Even if the First Department were to issue a decision imposing discipline at this point, *Rooker-Feldman* would still not be an impediment to this Court hearing my claims for prospective declaratory relief as to the unconstitutionality of the collateral estoppel proceeding and the pertinent defendants' conduct as this action was filed <u>before</u> the imposition of discipline.

Defendants have also raised conclusory assertions that absolute and qualified immunity are applicable in this case. Again, I have sought <u>prospective declaratory relief</u> with respect to my challenges of the collateral estoppel disciplinary proceeding. (*See* Am. Compl. at Claim II.) As a result, the doctrines of absolute and qualified immunity are not at play. *See Cong. Rabbinical College of Tartikov, Inc. v. Village of Pomona*, 138 F.Supp.3d 352, 448 (S.D.N.Y. 2015) (holding that "absolute immunity bars claims for damages … but not prospective declaratory relief").

Lastly, with respect to *Younger* abstention, the Second Circuit has held that "[d]espite the strong policy in favor of abstention, even where *Younger* would otherwise apply, a federal court may still intervene in state proceedings if the plaintiff demonstrates bad faith, harassment or any other unusual circumstance that would call for equitable relief." *Spargo v. N.Y. State Comm'n on Judicial Conduct*, 351 F.3d 65, 78 fn. 11 (2d Cir. 2003); *see also Williams v. Lambert*, 45 F.3d 1275, 1283 (2d Cir. 1995) (holding *Younger* abstention applies "in the absence of bad faith, fraud or irreparable harm"). The Amended Complaint specifically alleges facts that support the conclusion that Justice Cooper, Mr. Doyle and the Attorney Grievance Committee have pursued the collateral estoppel disciplinary proceeding in bad faith, as part of a scheme to harass and through knowingly fraudulent representations to the First Department. (*See* Dkt. No. 30, Pl's Mem. of Law in Support of PI Motion at 14-23.) Most notably, the record in *Zappin v. Comfort* conclusively shows that Justice Cooper denied me a meaningful opportunity to litigate certain issues and, more egregiously, wholly fabricated findings in an effort to instigate disciplinary proceeding. As shown in the Amended Complaint, the Attorney Grievance Committee does not deny these facts. In such a circumstance, the Second Circuit has directed that a hearing be held to determine whether *Younger* abstention is appropriate. *See Sica v. Connecticut*, 331 F.Supp.2d 82, 87 (D. Conn. 2004) ("[T]he Second Circuit had indicated that when a plaintiff seeks to avail herself of the *Younger* exceptions, a district court ordinarily should hold an evidentiary hearing.").

Based on the application of the law to the facts alleged in the Amended Complaint, defendants' abstention and jurisdictional contentions are entirely without merit. Moreover, I cannot fathom how defendants would be prejudiced in the slightest should the Court issue a 14-day (or shorter) TRO, where in the interim the relevant defendants would be required to respond to the pending preliminary injunction motion.

### III. Delaying Adjudication of Gives Defendantd License to Harass and Retaliate

I am cognizant of the uncomfortable situation that the Court is in with respect to this and the co-pending litigations. Holding an evidentiary hearing would, in effect, require a state court judge to be put on the witness stand and be cross-examined. However, the litigations centering around the misconduct of Justice Cooper must come to a head.

It has been nearly eighteen (18) months since I originally filed the co-pending *Zappin v. Cooper* lawsuit. In that time, defendants have escalated their retaliation against me, where at times they have used the *Zappin v. Cooper* litigation as their justification. This includes:

- Pursuing a bad faith collateral estoppel disciplinary proceeding against me based solely on Justice Cooper's fabricated findings in *Zappin v. Comfort* in which the pertinent defendants seek to permanently strip me of my ability to practice law and have forced me to incur expenses totaling nearly $100,000 to defend;

- Denying me meaningful review of Justice Cooper's decisions in *Zappin v. Comfort*, only to publish an intentionally disparaging and irreparably stigmatizing decision in contravention of state law and court confidentially rules;

- Instigating baseless criminal proceedings against me where exculpatory evidence was knowingly withheld, imposing an unconstitutional bail where my litigation against Justice Cooper was cited as the justification and losing me on Riker's Island for several days where I was subjected to inhumane treatment and effectively tortured in a 6'x6' cell without food, water, a bed or even a toilet; and

- Just last week, recommending that I pay **$400,000** directly to Robert Wallack **in a child custody case** based on Justice Cooper's fabricated findings in the Sanctions Decision and Custody Decision in *Zappin v. Comfort* where my paying a $400 filing fee in *Zappin v. Cooper* was cited as justification for a proposed nearly half-million-dollar award.

Make no mistake, I am not in anyway pointing the finger at the Court. However, the longer this and the co-pending litigations perpetuate, the further defendants take license to retaliate, harass and inflict undue harm on me and other similarly situated litigants before Justice Cooper. It must end, and will only end with this Court holding an evidentiary hearing as it should under the law.

I thank the Court for its continued courtesies and attention to this matter.

                Respectfully submitted,

                */s/ Anthony Zappin*

                Anthony Zappin

cc:  Michael Berg (*by ECF*)

```
For the reasons stated in the Court's endorsement dated
December 14, 2017, Plaintiff's application is DENIED.

Dated:    December 18, 2017           SO ORDERED.
          New York, New York

                                      HON. KATHERINE POLK FAILLA
                                      UNITED STATES DISTRICT JUDGE
```