UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X
:
ANTHONY ZAPPIN,                                         :
:
                        Plaintiff,                      :
:
        v.                                              :
:
KEVIN M. DOYLE, ERNEST COLLAZO,                         :      17 Civ. 8837 (KPF)
JUSTICE DEBORAH KAPLAN, JUSTICE                         :
ROLANDO ACOSTA, JUSTICE PETER                           :         ORDER
MOULTON, JUSTICE LAWRENCE MARKS,                        :
THE JUSTICES OF THE SUPREME COURT                       :
OF THE STATE OF NEW YORK APPELLATE                      :
DIVISION FIRST DEPARTMENT, ROBERT                       :
TEMBECKJIAN, JUSTICE MATTHEW F.                         :
COOPER, LAUREN LIEBHAUSER, CYRUS                        :
VANCE,                                                  :
:
                        Defendants.                     :
:
------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: May 18, 2018

KATHERINE POLK FAILLA, District Judge:

   On April 10, 2018, the Court dismissed this action with prejudice *sua sponte* given Plaintiff's repeated violation of Court orders. (Dkt. #94 ("Order")). Now before the Court is Plaintiff's April 24, 2018 motion for reconsideration and reargument pursuant to Federal Rule of Civil Procedure 59(e) and Local Civil Rule 6.3. (Dkt. #101-102).[1] On May 8, 2018, Defendants Doyle, Collazo, Kaplan, Acosta, Moulton, Marks, Tembeckjian, and the Justices of the First Department (collectively, the "State Defendants") filed a memorandum of law in

---

[1]   On April 10, 2018, following the Court's Order, Plaintiff filed two letters stating his intent to file a motion to recuse the Court from these proceedings. (Dkt. #95-96). Plaintiff stated he "intend[ed] to bring the motion on or before Friday, April 13, 2018 in conjunction with a motion for reconsideration of the Court's Order of Dismissal[.]" (Dkt. #95). Because the Court has not received Plaintiff's anticipated motion for recusal, it will proceed to decide this fully-briefed motion for reconsideration.

opposition to Plaintiff's motion. (Dkt. #103). For the reasons that follow, Plaintiff's motion is denied.

### A. Legal Standard

To prevail on a motion for reconsideration, "the movant must demonstrate 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Catskill Dev., L.L.C.* v. *Park Place Entm't Corp.*, 154 F. Supp. 2d 696, 701 (S.D.N.Y. 2001) (quoting *Doe* v. *NYC Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983)). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader* v. *CSX Transp., Inc.*, 70 F.3d 255, 256-57 (2d Cir. 1995). Moreover, motions for reconsideration cannot be based on arguments not previously raised. *See Sequa Corp.* v. *GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998). Motions to alter or amend a judgment under Rule 59(e) are assessed under the same standard as a motion for reconsideration under Local Rule 6.3. *Schwartz* v. *HSBC Bank USA, N.A.*, No. 14 Civ. 9525 (KPF), 2017 WL 2634180, at *2 (S.D.N.Y. June 19, 2017).

### B. Plaintiff's Motion Is Denied

Plaintiff does not raise any intervening change in law, any newly available evidence, or any basis on which the Court's Order effects a manifest

injustice. In brief, Plaintiff supplies no basis for the Court to depart from its earlier ruling. As the State Defendants correctly note, Plaintiff fundamentally misapprehends the Court's Order. (*See* Dkt. #103 ("Def. Opp.") 4-5). The Court was quite clear in saying: "Though Plaintiff's dilatory conduct initially bespoke a failure to prosecute his claims, the Court imposes this sanction for Plaintiff's persistent disregard of its orders." (Order 12-13). Accordingly, Plaintiff's argument that "the Court's *sua sponte* dismissal of this action for failure to prosecute was patently improper" because of the relatively short delay that attained from Plaintiff's failure to abide by Court orders is inapposite. (*See* Dkt. #102 ("Pl. Recon. Br.") 2-5).

What is more, Plaintiff's motion for reconsideration is grounded in an inaccurate portrayal of the procedural history of this case. Plaintiff faults the Court for imposing deadlines by which he needed to file his second amended complaint, nearly all of which deadlines were proposed by him and simply "so ordered" by the Court. (*See* Order 7-12). In particular, Plaintiff claims prejudice from an occasion on which the Court afforded him more time than he requested. (Pl. Recon. Br. 3-4). Plaintiff claims, as he did in earlier filings, that the First Department's March 8, 2018 order disbarring him from the practice of law in New York "dramatically changed the scope" of his claims. (*Id.* at 3; *see* Dkt. #82). The Court neither accepts nor rejects Plaintiff's present assertion; the fact remains that the Court understood that the disbarment "might change the complexion of Plaintiff's pleadings" and, for this reason, granted far more

3

time than he requested. (Order 9; Dkt. #80-84). The Court further understood that this additional time would be sufficient in light of Plaintiff's March 13, 2018 representation to the Court that he had at that time "a completed Second Amended Complaint." (Dkt. #82). Plaintiff complains further that he was unable to meet the Court's deadlines because of illness. (Pl. Recon Br. 4). The Court does not doubt Plaintiff's claims on this score, but the fact remains that Plaintiff's hospitalization does not explain the many missed deadlines that predated it.

While Plaintiff acknowledges that he had notice that the Court would dismiss his case if his failure to abide by its orders continued, he claims he was not given notice that his case could be dismissed with prejudice. (Pl. Recon. Br. 5). The Court considered, but rejected, the lesser sanction of dismissal without prejudice. (Order 23-24). Plaintiff has an opportunity to be heard on this point through the instant motion for reconsideration, and this is sufficient process. *Mitchell* v. *Lyons Prof'l Servs., Inc.*, 708 F.3d 463, 468 (2d Cir. 2013) ("An opportunity to be heard before a dismissal takes effect is not required when the notice of impending dismissal is clearly communicated, in the context of a scheduling order or by other means. *Mickle*[ v. *Morin*, 297 F.3d 114, 125 (2d Cir. 2002)]'s requirements are met so long as the opportunity to be heard occurs before or at the time of dismissal or, as in this case, at a separate motion for reconsideration."). Nothing in Plaintiff's submission causes the Court to revisit its decision to dismiss this action with prejudice.

Next, Plaintiff argues that the State Defendants were not prejudiced by Plaintiff's actions and would not have been prejudiced by continued extensions of time for Plaintiff's second amended complaint. (Pl. Recon. Br. 6-8). The Court expressly addressed this in its Order and found that the State Defendants would be prejudiced by further delays. (Order 20-21). Indeed, the State Defendants note in response to the instant motion that Plaintiff's claims "strike at the heart of [the] State Defendants' professional reputations." (Def. Opp. 6). They are surely prejudiced by being forced to wait for Plaintiff to articulate his claims against them.

Finally, Plaintiff contends that the Court's Order dismissing his case was prejudicial. The Court understood its Order would indeed prejudice Plaintiff and it made clear it did not enter the Order lightly. (Order 24). The Court entertained several lesser sanctions — including those now suggested by Plaintiff — all of which proved untenable for the reasons stated in the Order. (*Id.* at 22-24).

## CONCLUSION

For the foregoing reasons, as well as those expressed in the Court's April 10, 2018 Order, Plaintiff's motion for reconsideration is DENIED.

SO ORDERED.

Dated: May 18, 2018
New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge